WEAVER v. ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, appellants.

*Common carriers — rights of passengers.*

Plaintiff paid for three tickets, for himself and two others with him, but by mistake of the ticket agent he received only two. The train being ready to start he got on it and handed the two tickets to the persons with him. When the conductor applied to plaintiff for his ticket, he was told by plaintiff that he (plaintiff) had paid for a ticket but did not receive it. *Held*, that the conductor had the right to require plaintiff to pay his fare, and, in case of refusal, to expel him from the train.

APPEAL from a judgment rendered at the circuit court upon the verdict of a jury in favor of the plaintiff. The action was brought by the plaintiff William W. Weaver, to recover damages for being expelled from defendants cars and injured by the negligence of defendants' agents.

The plaintiff was traveling from Rome, northward, on the defendants' railroad, and had two ladies with him. He claimed to have purchased at Rome three tickets to Albion, the place of his destination, and paid for them and to have received by the mistake of the ticket agent but two tickets. The whistle had blown for the train to start and plaintiff immediately got upon the train. Being required by the conductor to exhibit his ticket for himself, after he had handed the two tickets to the ladies in company with him, and not being able to exhibit such ticket, and having also refused to pay his fare, the plaintiff was expelled from the cars at the next station after the train left Rome, whereupon he offered to pay such fare but was told it was too late and the fare was refused, and in attempting to get on the train again he was put off. Upon the trial at the Oneida circuit, the plaintiff recovered a verdict of $500.

The circuit judge made several rulings to which the defendants counsel excepted and upon which he moved for a new trial.

*Wynn & Porter*, for appellants.

*L. W. Fiske*, for respondent, argued among other points, that the injury to plaintiff was the consequence of the neglect of the ticket agent, and cited *Penn. Railroad Co.* v. *Vandiver*, 42 Penn. St. 365 ; *Milwaukee & Miss. R. R. Co.* v. *Finney*, 10 Wis. 388, and other cases.

E. DARWIN SMITH, J. Among other propositions stated by the circuit judge to the jury in his charge was the following :

" If the plaintiff first purchased and paid for three tickets at Rome for Albion, and by mistake of the ticket agent of the defendant, he received but two tickets, then it was the duty of the defendant to transport the plaintiff on the train from Rome to Albion, although the plaintiff was not able, on the demand of the conductor, to produce a ticket, and the putting off of the plaintiff, and keeping him off the train was unauthorized and entitled the plaintiff to maintain this action, and to recover all the damages consequent upon the putting and keeping him off defendant's train."

This portion of the charge was duly excepted to by defendant's

counsel. After the charge was concluded the defendants, counsel requested the judge to charge as follows:

" That if the plaintiff after leaving Rome and on the train had no passenger ticket for himself, and could not and did not produce any to the conductor, and refused to pay any fare to the conductor, then the conductor had a right to require him to leave the car at Taberg, and that the defendant is not liable to the plaintiff therefor unless there was more force used in removing the plaintiff from the cars than was necessary;" which request was refused and the defendant's counsel duly excepted to such refusal.

In respect to the specific proposition charged, and the refusal to charge as requested or modify the charge as made, I think the learned judge erred and that both these exceptions were well taken. If the plaintiff did in fact pay for three tickets, and the defendant's ticket agent failed to give him but two, it was doubtless a case of mutual mistake, in which the plaintiff was partly in fault in that he did not see to it at the time that he obtained the tickets, and the defendant would doubtless be bound to refund him his money upon proper demand. But the mistake of this ticket agent of the defendant, in this particular, could not affect the right and duty of the conductor on the train to demand of the plaintiff the proper evidence of his right to ride upon the train or payment of his fare. When the conductor applied to the plaintiff for his ticket and was told by him that he had none, that he had paid for it, and did not receive it, or had lost it, the conductor had the clear right to require him to pay his fare, and in case of his refusal, to expel him from the cars. It was not the time or place to try the question whether the plaintiff had paid for three tickets and only received two of the tickets, or had received three tickets and lost one by his own fault. The ticket agent was not present to give his testimony or version of the transaction, or to disprove the plaintiff's assertion if the conductor could have abandoned his appropriate duties to try that issue. He clearly was not bound as Judge COMSTOCK states the rule in *Hibbard* v. *New York & Erie Railroad Co.*, 15 N. Y. 470, to take the word of a passenger who refuses to comply with the regulation of the company, or the word of any third person. See *Pennsylvania R. R. Co.* v. *Vandiver*, 42 Penn. St. 367.

The regulations as proved by the conductor, that every passenger was required to exhibit a ticket entitling him to ride upon the car or pay his fare to the conductor, is reasonable and a very necessary

one. These tickets are transferable by delivery like bank bills, and if a conductor was required to trust to the statement of a passenger that he had purchased a ticket when he could not produce it, the railroad companies might and doubtless would be exposed to great impositions. It is essential to protect their just rights to require that every person exhibit to the conductor upon a train a ticket entitling him to ride upon the cars, or pay the fare to such conductor. *Hibbard* v. *New York & Erie Railroad Co., supra.* How could the conductor have known in this case that this plaintiff had not transferred his ticket, if he had in fact purchased one for himself, to some other passenger who was then on the train and riding on such ticket; and the conduct of this plaintiff, his readiness under the circumstances to get up a quarrel on this question with the conductor, and lay the basis of a lawsuit by requiring him to expel him from the cars, leaving his wife and neice behind before he would pay the small sum of $1.35, for the fare, which it appears by his subsequent offer he had ample means in hand to pay at the time, serve to vindicate the propriety of the regulation, and justify the conductor in refusing to disobey the instructions of his employers, in reliance upon the personal veracity of this plaintiff.

As these views lead to a new trial, I deem it unnecessary to discuss any other of the exceptions in the case.

The judgment should be reversed and a new trial granted, with costs to abide the event.

MULLIN, P. J., did not vote.

*New trial granted.*